UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT O'NEILL,

                Plaintiff,                Docket No.:25-cv-10786

    -against-

THE ANTIHERO PODCAST LLC d/b/a          **NOTICE OF REMOVAL**
AntiheroPodcast.com, BRENT TUCKER,
TYLER HOOVER, COUNTER CULTURE
INC., TIER1PODCAST LLC d/b/a TIER-1
Podcast.com, and JAMES ANDREW
ARNETT,
                Defendants.
------------------------------------------------------------X

**PLEASE TAKE NOTICE** that Defendants The Antihero Podcast LLC d/b/a AntiheroPodcast.com, Brent Tucker, Tyler Hoover, Counter Culture Inc., Tier1Podcast LLC d/b/a TIER-1 Podcast.com, and James Andrew Arnett (collectively, "Defendants"), by and through their undersigned counsel, hereby remove this action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds set forth below.

## PRELIMINARY STATEMENT

1. This Notice of Removal is timely filed by Defendant James Andrew Arnett within thirty days of his service, as required by 28 U.S.C. § 1446(b)(2)(B). All other Defendants consent to this removal pursuant to 28 U.S.C. § 1446(b)(2)(C).

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this action is pending in the Supreme Court of the State of New York, County of Westchester, which is located within the territorial jurisdiction of the United States District Court for the Southern District of New York.

**PROCEDURAL BACKGROUND**

4. On or about November 10, 2025, Plaintiff Robert O'Neill commenced this action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Westchester, bearing Index Number 75300/2025. A copy of the Summons and Verified Complaint is attached hereto as **Exhibit A**.

5. The Complaint asserts four causes of action: (1) Defamation—Libel; (2) Defamation—Libel Per Se; (3) Intentional Infliction of Emotional Distress; and (4) Tortious Interference with Prospective Business Relations.

6. Plaintiff seeks compensatory damages in the amount of twenty-five million dollars ($25,000,000), punitive damages, interest, costs, and such other relief as the Court deems just and proper.

7. Defendants The Antihero Podcast LLC, Counter Culture Inc., Tyler Hoover, and James Andrew Arnett have been served with the Summons and Complaint. Defendants Brent Tucker and Tier1Podcast LLC have not yet been formally served but waive service of the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(d), as set forth in **Exhibit B**.

8. Specifically, Defendants were served or waived service as follows: (a) The Antihero Podcast LLC was served on November 26, 2025; (b) Counter Culture Inc. was served on November 29, 2025; (c) Tyler Hoover was served on November 29, 2025; (d) James Andrew

Arnett was served on December 2, 2025; (e) Brent Tucker waives service as of December 30, 2025; and (f) Tier1Podcast LLC waives service as of December 30, 2025.

9. This Notice of Removal is filed by Defendant James Andrew Arnett within thirty days of his service on December 2, 2025, and is therefore timely under 28 U.S.C. § 1446(b)(2)(B). All other Defendants consent to this removal.

10. The undersigned counsel represents all Defendants in this action. Each Defendant has authorized the undersigned to file this Notice of Removal on their behalf and to represent their consent to removal.

11. No Defendant is a citizen of the State of New York. Accordingly, removal is not barred by the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2).

## GROUNDS FOR REMOVAL

### I. THIS COURT HAS ORIGINAL JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

13. Jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. Both requirements are satisfied here.

#### A. Complete Diversity of Citizenship Exists

14. For purposes of diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, meaning the state where the person resides with the intent to remain indefinitely.

15. A limited liability company is a citizen of every state in which any of its members is a citizen. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

16. A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

### 1. Plaintiff's Citizenship

17. Plaintiff Robert O'Neill is a citizen of the State of New York. The Complaint alleges that "Plaintiff Robert O'Neill was and is still an individual residing in the State of New York and County of Westchester." (Compl. ¶¶ 35, 51.)

### 2. Defendants' Citizenship

18. Defendant The Antihero Podcast LLC is a limited liability company organized under the laws of the State of Florida, with its principal place of business located at 1636 N Ronald Reagan Blvd., Longwood, Florida 32750. (Compl. ¶ 36.) Upon information and belief, all members of The Antihero Podcast LLC are citizens of Florida. Accordingly, The Antihero Podcast LLC is a citizen of Florida for diversity jurisdiction purposes.

19. Defendant Brent Tucker is a natural person who resides at 16895 Wingspread Loop, Winter Garden, Florida 34787. (Compl. ¶ 45.) Defendant Tucker is a citizen of the State of Florida.

20. Defendant Tyler Hoover is a natural person who resides at 394 Westwind Court, Lake Mary, Florida 32746. (Compl. ¶ 44.) Defendant Hoover is a citizen of the State of Florida.

21. Defendant Counter Culture Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 1035 Primera Blvd Suite 1041,

Lake Mary, Florida 32746. (Compl. ¶ 53.) Accordingly, Counter Culture Inc. is a citizen of Florida for diversity jurisdiction purposes.

22. Defendant Tier1Podcast LLC is a limited liability company organized under the laws of the State of Florida, with its principal place of business located at 1636 N Ronald Reagan Blvd., Longwood, Florida 32750. (Compl. ¶ 40.) Upon information and belief, all members of Tier1Podcast LLC are citizens of Florida. Accordingly, Tier1Podcast LLC is a citizen of Florida for diversity jurisdiction purposes.

23. Defendant James Andrew Arnett is a natural person who resides at 10189 129th Ter., Largo, Florida 33773. (Compl. ¶ 60.) Defendant Arnett is a citizen of the State of Florida.

24. Complete diversity of citizenship exists because Plaintiff is a citizen of New York and all Defendants are citizens of Florida. No Defendant shares citizenship with Plaintiff.

### B. The Amount in Controversy Exceeds $75,000

25. The amount in controversy requirement is satisfied when "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (internal quotation marks omitted).

26. In determining the amount in controversy, the Court looks to the face of the complaint. If the complaint demands a specific sum, that amount controls unless it appears to a legal certainty that the plaintiff cannot recover that amount. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

27. Here, Plaintiff's Complaint explicitly demands compensatory damages in the amount of twenty-five million dollars ($25,000,000). (Compl., Prayer for Relief ¶ 2.) Plaintiff also seeks punitive damages, interest, and costs. (*Id.* ¶¶ 3-4, 6.)

28. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Indeed, it exceeds that threshold by several orders of magnitude.

29. It does not appear to a legal certainty that Plaintiff cannot recover the amount demanded. Accordingly, the amount in controversy requirement is satisfied.

## II. REMOVAL IS PROCEDURALLY PROPER

30. Removal is procedurally proper under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

31. This action was brought in the Supreme Court of the State of New York, County of Westchester, which is located within the territorial jurisdiction of the United States District Court for the Southern District of New York. 28 U.S.C. § 112(b).

32. This Notice of Removal is timely filed by Defendant James Andrew Arnett within thirty days of his service on December 2, 2025, as required by 28 U.S.C. § 1446(b)(2)(B).

33. All Defendants consent to this removal. The undersigned counsel represents all Defendants in this action, and each Defendant has authorized the undersigned to file this Notice of Removal on their behalf and to represent their consent to removal. 28 U.S.C. § 1446(b)(2)(A).

34. Removal is not barred by the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2), which provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, no Defendant is a citizen of New York. All Defendants are citizens of Florida.

6

35. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this removal to Plaintiff and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Westchester.

## CONCLUSION

WHEREFORE, Defendants respectfully give notice that the above-captioned action is removed from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York.

Dated: New York, New York
December 30, 2025

PARLATORE LAW GROUP, LLP

By: _____
Timothy Parlatore
260 Madison Ave., 17th Floor
New York, New York 10016
212-679-6312
Email: timothy.parlatore@parlatorelawgroup.com
*Attorneys for Defendant James Andrew Arnett and, with consent, all other Defendants*