# <u>DAVID M. SCHWARTZ, ESQ.</u> LLM

546 Fifth Avenue, 6ᵗʰ Floor, New York, NY 10036  T: 212.641.0499  E: david@davidschwartzesq.com

January 17, 2026

**VIA ECF**

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street, Room 275
White Plains, New York 10601

**Re:**   *O'Neill v. The Antihero Podcast LLC, et al.*, Case No. 7:25-cv-10786-NSR, Letter in Opposition

Dear Judge Román:

     Plaintiff Robert O'Neill respectfully submits this letter in answer to Defendants' pre-motion conference request (Dkt. 7). As a threshold matter, Plaintiff has filed a motion to remand this action to Westchester County Supreme Court, arguing that Defendants have not established complete diversity of citizenship. This Court should resolve that motion before entertaining Defendants' dispositive motion requests.

     Defendants' letter is replete with material misrepresentations relevant to both the 12(b)(6) standard, which requires all factual allegations be taken as true, and the Rule 56 standard, which is predicated on no genuine disputes of material fact. Our Complaint details how Defendants repeatedly called Plaintiff a liar and took credit for misfortune that befell him. Actual malice can and will be shown. More pointedly, Defendants' letter is so littered with misleading statements that this is plainly not a proper case for either a 12(b)(6) or Rule 56 motion.

     **The Fabricated Quote.** Defense counsel claims Mr. O'Neill "acknowledged this fatal weakness" by stating: "We don't want to subpoena the whole team... we're gonna try to drop the case." (Dkt. 7 at 2.) This is a shocking misrepresentation. Here is what Mr. O'Neill *actually* said:

> *"But you're going to hear some spin to that. We don't want to subpoena the whole team and this is making the whole thing look really bad. So for that aspect, we're going to try to drop it. We're going to try to drop the case.* ***I don't want to drop the case. I want to go to court.*** *... Don't believe that bullshit."*

     Mr. O'Neill was warning listeners about the "spin" they would hear, and then rejected it, stating: "I don't want to drop the case. I want to go to court." Defense counsel quoted the spin while omitting the rejection. This is a misrepresentation to a federal court, and the Court should consider this when evaluating all representations in defense counsel's letter.

     **What Defendants Actually Said.** Defense counsel sanitizes Defendants' conduct as "questioning accuracy." (Dkt. 7 at 1.) In fact, Defendants stated: "Rob O'Neill who didn't kill Bin Laden"; "No he didn't kill Bin Laden!"; "I'd be as big a liar as Rob O'Neill"; and produced a multi-part series titled "Rob O'Neill, The Web of Lies." These are flat accusations that Mr. O'Neill is a liar who fabricated his role in killing Osama bin Laden.

     **Blood Spatter and "Fourth Man" Misrepresentations.** Defense counsel asserts blood spatter shows bin Laden "was shot from an upwards trajectory, by the point man on the stairs."

(Dkt. 7 at 2.) This misstates the evidence. The blood spatter will show bin Laden was shot at the foot of the bed in the third-floor bedroom, not on the stairs, and the trajectory is consistent with a shooter of Mr. O'Neill's height (6'1"), not a shorter point man on the stairs. Defense counsel also claims Mr. O'Neill was "at best, the fourth" person to enter the room. This is yet another misrepresentation. The evidence will show there were two men on the stairs and the point man ahead of Mr. O'Neill. Mr. O'Neill was not fourth in a stack; he was the man who entered the room and shot bin Laden.

**Anonymous Witnesses vs. Sworn Testimony.** Defense counsel claims "several members of the DEVGRU assault force" will provide affidavits, but only under seal. (Dkt. 7 at 2-3.) If Defendants have witnesses, let them produce them. For years, Defendants implied they have "sources." They have never identified anyone. These phantom witnesses materialized only after this lawsuit was filed. Meanwhile, defense counsel asserts "Plaintiff cannot produce a single eyewitness" (Dkt. 7 at 2), which is absurd. **Robert O'Neill is an eyewitness. He was in the room. He shot bin Laden.** He will testify to what he did. Additionally, Admiral William H. McRaven, the four-star admiral who commanded Operation Neptune's Spear, has submitted a sworn Affirmation confirming Mr. O'Neill killed bin Laden, stating: "[I]mmediately after the mission, no one on that SEAL team disputed the fact" and "in the past 14 years... no one in the SEAL chain of command has ever raised concerns." The contrast is stark: Mr. O'Neill's own eyewitness testimony and sworn corroboration from the mission commander versus potential anonymous declarations from unnamed individuals who refuse to be identified.

**Disputed Facts Preclude Summary Disposition.** Summary judgment is appropriate only where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court must "resolve all ambiguities and draw all permissible factual inferences" in Plaintiff's favor. *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010). "Credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury." *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). This case is riddled with disputed facts: who fired the fatal shots; the sequence of events; blood spatter interpretation; the credibility of Defendants' anonymous sources versus Admiral McRaven; the reliability of Matt Bissonnette, who forfeited $6.8 million for publishing without authorization; actual malice; Defendants' motives; and the meaning of Defendants' statements. "[T]he question of actual malice is a jury question." *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989).

**Bissonnette and Actual Malice.** Defendants misrepresent what our Complaint says about Bissonnette. The Complaint states that reliance on Bissonnette's book "No Easy Day," written under a pen name and diverging from Admiral McRaven's account, "warrants noting that even rudimentary due diligence would suggest such reliance is misplaced." Bissonnette's book nowhere states O'Neill "lied." Reliance on a discredited source while ignoring Admiral McRaven is "purposeful avoidance of the truth." *Harte-Hanks*, 491 U.S. at 692. The Complaint adequately pleads actual malice through deliberate disregard of Admiral McRaven; an obsessive multi-year campaign ("The Web of Lies"); personal animus and gleeful celebration of Mr. O'Neill's arrest; financial motivation; failure to investigate; and inability to produce any witness who disputes Mr. O'Neill.

**IIED and Anonymous Affidavits.** *Hustler Magazine v. Falwell* permits IIED claims where speech constitutes false statements made with actual malice, precisely what Mr. O'Neill alleges. 485 U.S. 46, 56 (1988). As to Defendants' request to file anonymous affidavits under

seal, there is a strong presumption of public access to judicial documents. *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). Mr. O'Neill is entitled to know who accuses him of lying about his service.

Robert O'Neill is an American hero who served his country with distinction for sixteen years as a Navy SEAL. He conducted over 400 combat missions. He rescued Captain Richard Phillips from Somali pirates. And on May 2, 2011, he shot and killed Osama bin Laden. Admiral McRaven has confirmed this under oath. Not one person present on that mission has ever disputed it.

Defendants are podcasters who were not in Abbottabad. They have built their platform by calling Mr. O'Neill a liar and a fraud, causing his daughters, who watched their father deploy again and again to protect this country, to call him crying and ask why the internet says everything they believed about their father is fake. That is the harm Defendants have caused. That is why Mr. O'Neill is fighting.

Defense counsel has misrepresented Mr. O'Neill's own words to this Court. This case presents genuine disputes of material fact on virtually every issue. It can only be resolved by a jury after full discovery and trial. As Mr. O'Neill said: "*I'm never out of the fight.*"

For these reasons, Plaintiff respectfully requests that the Court: (1) resolve Plaintiff's pending motion to remand; (2) deny Defendants' request for anonymous affidavits; (3) deny summary disposition; and (4) schedule a conference to address all pending and proposed motions.

        Respectfully submitted,

        */s/ David M. Schwartz*
        **DAVID M. SCHWARTZ, ESQ.**
        546 Fifth Avenue
        New York, New York 10036
        Tel: (212) 641-0499
        david@davidschwartzesq.com
        *Attorney for Plaintiff Robert O'Neill*

**cc:**    Timothy C. Parlatore, Esq. (via ECF)