

Timothy C. Parlatore, Esq.
Managing Partner
timothy.parlatore@parlatorelawgroup.com
Direct: 212-679-6312

January 20, 2026

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street, Room 275
White Plains, New York 10601

Re: *O'Neill v. The Antihero Podcast LLC, et al.*, 7:25-cv-10786-NSR

Dear Judge Román:

Defendants respectfully submit this brief reply to address material misstatements in Plaintiff's opposition letter (Dkt. 11).

## I. PLAINTIFF CONFIRMS HE CANNOT PRODUCE CORROBORATING WITNESSES

Plaintiff's opposition inadvertently confirms the evidentiary weakness Defendants identified: **Mr. O'Neill cannot produce a single eyewitness to corroborate his account.** After falsely accusing Defendants of misrepresentation, Plaintiff's counsel writes: "Robert O'Neill is an eyewitness." Dkt. 11 at 2 (emphasis added). By emphasizing that *O'Neill himself* will testify, Plaintiff impliedly concedes that O'Neill is the **only** witness supporting his version of events— precisely the evidentiary deficiency Defendants identified.

This concession is reinforced by Mr. O'Neill's own statements on his podcast about not wanting to subpoena other team members. While Plaintiff is correct that he added that he personally didn't "want" to drop the case, it does not change the acknowledgment that the other team members will not corroborate his account. This is directly relevant to Defendants' argument that Mr. O'Neill cannot produce eyewitness corroboration.

## II. PLAINTIFF CONFLATES FALSITY WITH ACTUAL MALICE

Plaintiff's opposition reveals a fundamental misunderstanding of defamation law. Plaintiff argues that "disputed facts preclude summary disposition" because there are factual disputes about who shot bin Laden. Dkt. 11 at 2. **This fundamentally misstates the burden of proof.**

As a public figure, Plaintiff bears the burden of proving **two independent elements** by clear and convincing evidence: (1) falsity, and (2) actual malice. *Palin v. New York Times Co.*, 113 F.4th 245, 254 (2d Cir. 2024). Defendants need not prove truth. Defendants need only show the

Licensed to Practice by the States of New York and New Jersey
U.S. District Courts in New York, New Jersey, Connecticut, Pennsylvania, Texas, and the District of Columbia
Parlatore Law Group is a nationwide cloud-based firm. Please send all correspondence electronically.
If physical mail is required, please use the central mailing address below.

www.parlatorelawgroup.com  1440 N Edgewood St, Arlington VA 22201 

absence of actual malice—i.e., that they did not publish with knowledge of falsity or reckless disregard for the truth.

**Even if disputed facts preclude summary judgment on falsity, summary judgment is still appropriate if no reasonable jury could find actual malice by clear and convincing evidence.** *Baiul v. Disson*, 607 F. App'x 18, 19 (2d Cir. 2015) ("we need not resolve this choice of law question because [plaintiff] has failed to show [defendant] made any of the alleged defamatory statements with actual malice, and thus her claims fail as a matter of constitutional law"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) (summary judgment appropriate when evidence is "so one-sided that one party must prevail as a matter of law").

Here, the undisputed facts show Defendants: (1) relied on Matt Bissonnette's bestselling book *No Easy Day*, written by a DEVGRU member who participated in the raid; (2) interviewed multiple DEVGRU members with firsthand knowledge; (3) conducted extensive pre-publication research; and (4) had no "obvious reasons to doubt the veracity of [their] informant[s]." *Greene v. Paramount Pictures*, 813 F. App'x 13, 15 (2d Cir. 2020).

**Reliance on a responsible published source negates actual malice as a matter of law.** *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 124 (2d Cir. 2013) ("the Supreme Court held that a defendant's reliance on a responsible source negates a finding of 'the recklessness that is required for a finding of actual malice'"). Moreover, "mere proof of failure to investigate, without more, cannot establish reckless disregard for the truth." *Id.* (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 332 (1974)).

### III. ADMIRAL MCRAVEN'S STATEMENT IS INADMISSIBLE HEARSAY

Plaintiff relies heavily on Admiral McRaven's recent affirmation, but that statement is inadmissible hearsay within hearsay. Admiral McRaven claims that an unnamed individual—who also did not witness the shooting—told him that O'Neill fired the shots. For all we know, this anonymous individual was simply relaying what O'Neill himself had said. This is triple hearsay: (1) O'Neill's statement to the unnamed individual, (2) the unnamed individual's statement to Admiral McRaven, and (3) Admiral McRaven's statement in his affirmation.

Under Federal Rule of Evidence 805, "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." *United States v. Cummings*, 858 F.3d 763, 773 (2d Cir. 2017). Here, the second level of hearsay—the unnamed individual's statement to Admiral McRaven—is inadmissible because it is offered for its truth (i.e., that O'Neill was the shooter) and does not satisfy any hearsay exception. *See id.* at 774 ("This statement is only probative if admitted for the truth of the matter asserted"). Because the second level of hearsay is inadmissible, Rule 805's requirement that "each part of the combined statement" be admissible is not met. *Id.*

Moreover, even if Plaintiff could overcome the hearsay objections, Admiral McRaven's statement would still be inadmissible under the best evidence rule. The mission debrief was audio recorded. That recording is the best evidence of what happened. *See United States v. Chavez*, 976 F.3d 1178, 1196 (10th Cir. 2020) (holding that testimony about the contents of a recording violates

the best evidence rule when the recording itself is not admitted). On information and belief, that recording contradicts O'Neill's claim and shows that O'Neill was not the shooter—at best, he was the fourth man in the room.

## IV. THE COMPLAINT FAILS TO PLEAD ACTUAL MALICE

Even if the Court declines to grant summary judgment, the Complaint should be dismissed under Rule 12(b)(6). The Complaint **acknowledges** that Defendants relied on Bissonnette's book. Compl. ¶¶ 25-29. This admission is fatal. Under *Biro v. Condé Nast*, 807 F.3d 541, 546 (2d Cir. 2015), a public figure must plead "plausible grounds to infer actual malice" by alleging facts showing the defendant had "obvious reasons to doubt" the reliability of its sources. The Complaint alleges no such facts, instead, conceding that Defendants relied on a widely published, eyewitness account by a DEVGRU participant. That reliance **negates** actual malice. *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001).

## V. THE PENDING REMAND MOTION DOES NOT PRECLUDE THIS CONFERENCE

Plaintiff argues the Court should resolve the remand motion before entertaining Defendants' dispositive motion. Courts routinely manage multiple procedural issues simultaneously, and a pre-motion conference promotes judicial efficiency.

## VI. PLAINTIFF MISUNDERSTANDS THE SEALED AFFIDAVIT PROCEDURE

Plaintiff objects to "anonymous affidavits," demonstrating a fundamental misunderstanding of the standard procedures in this Court.[1] Dkt. 11 at 2-3. Defendants do not seek to file "anonymous" affidavits. The affiants' identities will be disclosed to the Court and to Plaintiff's counsel under the standard protective order procedure. Only the **public** filing will be redacted to protect these individuals from the same threats Mr. O'Neill himself claims to have faced from Islamic extremists. *See* Compl. ¶ 23.

## VII. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the pre-motion conference to address: (1) leave to file a motion to dismiss and for summary judgment; (2) a protective order permitting redacted public filings; and (3) a briefing schedule accommodating Navy prepublication review.

Respectfully submitted,

Timothy C. Parlatore, Esq.

---

[1] Notably, Plaintiff employed the procedure he now complains of in his own Complaint. Plaintiff attached a redacted affidavit (Compl. Ex. C), yet failed to provide Defendants with an unredacted copy.