USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    4/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO'NEILL

                            Plaintiff,

-against-

THE ANTIHEROPODCAST LCC d/b/a
AntiheroPodcast.com and BRENT TUCKER
and TYLER HOOVER and COUNTER
CULTURE Inc. and TIER 1 PODCAST LLC
d/b/a TIER-1 Podcast.com and JAMES
ANDREW ARNETT

                            Defendants.

25 CV 10786 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Robert O'Neill ("Plaintiff") commenced this defamation action in the Supreme Court

of the State of New York, County of Westchester, against Defendants the Antihero Podcast LLC,

Brent Tucker, Tyler Hoover, The Counter Culture Inc., and James Andrew Arnett (collectively,

"Defendants"). Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

Before the Court is Plaintiff's motion to remand the action to state court. For the following

reasons, Plaintiff's motion is DENIED.

## BACKGROUND

### A. Factual Background

This action arises from podcast episodes and related online media discussing Plaintiff Robert

O'Neill's claimed role in the May 2, 2011 U.S. military operation that resulted in the death of Osama

bin Laden. (Compl. ¶¶ 1-120.) Plaintiff, a former Navy SEAL, has publicly stated that he fired the

fatal shots during that operation. (*Id.* ¶¶ 2, 14.) The challenged publications present a different

account, including statements that Plaintiff entered the room after other operators had already shot

bin Laden and was not the first to fire, drawing on books, interviews, and statements attributed to

individuals with knowledge of the operation. (*Id.* ¶¶ 67-120.)  These statements were disseminated

1

through podcast episodes and online platforms accessible to a broad audience, which Plaintiff alleges are false and defamatory. (*Id.*)

In light of the foregoing, Plaintiff commenced this action in New York Supreme Court, asserting claims for libel and libel per se and seeking damages for reputational harm. (Compl. ¶¶ 121-151.) Defendants thereafter removed the action to this Court, giving rise to the present motion to remand. (*See generally* Pltf. Mot., ECF No. 6.)

### B. Procedural History

Plaintiff commenced this action on November 10, 2025. (Compl., ECF No. 1, Ex. 1.) Defendants were served at different times: AntiHero Podcast, LLC on November 26, 2025; Counter Culture Inc. and Tyler Hoover on November 29, 2025; and James Andrew Arnett on December 2, 2025. (ECF No. 2, Exs. 3-6). On December 30, 2025, Dfts removed this action. (*See* Notice of Removal, ECF No. 1.)

On January 16, 2026, Plaintiff filed a motion to remand, together with a memorandum of law in support. (Pltf. Mot & Mem, ECF Nos. 6 & 9.). Defendants filed their opposition on January 22, 2026, and Plaintiff shortly thereafter filed a reply on January 23, 2026.  (Dfts. Opp & Pltf. Reply, ECF Nos. 18 & 21.) Plaintiff seeks remand on two principal grounds: (1) that removal was untimely, and (2) that Defendants failed to establish complete diversity of citizenship. (*See generally* Pltf. Mem.)

### LEGAL STANDARD

### A. Removal

28 U.S.C.A. § 1446(a) provides in relevant part, that when a defendant seeks to remove an action from state court, the defendant shall file a notice of removal in the district court of the United States for the district and division where the action is pending. The notice shall contain a short and

2

plain statement of the grounds for removal along with a copy of all process, pleadings, and orders served upon the defendant or defendants in the action.

The notice of removal shall be filed within 30 days after (1) the defendant receives a copy of the initial pleading setting forth the claim for relief, or (2) within 30 days after the defendant has been served the summons if the initial pleading has been filed in court and it is not required to be served on the defendant (whichever period is shorter). *See* 28 U.S.C.A. § 1446(b). A case, however, may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith to prevent a defendant from removing the action. *See* 28 U.S.C.A. § 1446(c); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 36 (2d Cir. 2010).

A case is removable to federal court when the initial pleadings enable the defendant to reasonably determine whether removal is permissible. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001). There is no requirement that a defendant look beyond the face of the initial pleading for facts giving rise to removability. *Id.* at 206. Similarly, there is no obligation imposed on a defendant to conduct an independent investigation into a plaintiff's allegations to determine that removal is proper and to comply with the 30-day period of 28 U.S.C. § 1446. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) (internal citations omitted).

**B. Diversity Jurisdiction**

28 U.S.C. § 1332(a), commonly referred to as the diversity statute, provides in relevant part, that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. "Subject matter jurisdiction [ ] based on 28 U.S.C. § 1332" requires "'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps. Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014)

(quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S 546, 553 (2005)). It is well-settled that the party asserting jurisdiction bears the burden of demonstrating the propriety of the initial removal from state court to federal court. *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square*, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citing *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir.1994)).

## DISCUSSION

The Court addresses (i) whether Defendants' removal was timely, (ii) whether Defendants have established complete diversity of citizenship, and (iii) whether Plaintiff is entitled to fees under 28 U.S.C. § 1447(c). For the reasons that follow, removal was timely, diversity jurisdiction exists, and fees are not warranted.

### A. Timeliness of Removal

Section 1446(b)(1) requires removal within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b)(1). In multi-defendant actions, however, § 1446(b)(2)(B)–(C) provides that "each defendant shall have 30 days" from its own service to file the notice of removal, and that "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b). Timeliness is therefore measured from the service of the defendant who files the notice of removal, not the first-served defendant. The Second Circuit has adopted this rule, holding that "each defendant has thirty days from when he received service to file a notice of removal," and that earlier-served defendants may consent even after their own periods have expired. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64–65 (2d Cir. 2012).

This Court finds removal was timely under 28 U.S.C. § 1446(b). Plaintiff's argument to the contrary rests on a misstatement of both the governing rule and the record. Plaintiff contends that

removal was untimely because The Antihero Podcast LLC, the first-served defendant, was served on November 26, 2025, and no notice of removal was filed within thirty days of that date. (Pltf. Mem. at 4–6.) Plaintiff further asserts that "Defendants did not file their Notice of Removal until January 7, 2026" and that removal was therefore "untimely by twelve (12) days." (*Id.* at 4–5.) The docket reflects otherwise.

Under the governing rule, Antihero's service date does not control. Because timeliness is measured from the service of the removing defendant, Antihero was not required to initiate removal within its own thirty-day period. *See Pietrangelo*, 686 F.3d at 65–66. The record confirms that removal was timely. Defendant James Andrew Arnett was served on December 2, 2025, giving him thirty days—through January 1, 2026—to remove. (*See* Affidavit of Service, ECF No. 2, Ex. 6.) He filed the Notice of Removal on December 30, 2025 (not January 7, 2026), within that period. (*See* Notice of Removal, ECF No. 1.) Because the Notice of Removal was filed within Arnett's thirty-day window, Plaintiff's timeliness argument fails.

Accordingly, because Arnett timely removed within his statutory period and the earlier-served defendants—Antihero, Counter Culture Inc., and Hoover—were entitled to and did consent, removal was timely. *See Pietrangelo*, 686 F.3d at 66. No defendant was therefore in procedural default. The same conclusion applies to Defendants Tucker and Tier1Podcast LLC, who waived service on December 30, 2025, thereby triggering their own thirty-day removal periods; their consent on that date was timely within those periods.

Accordingly, because Arnett timely removed within his thirty-day period and the remaining defendants properly consented, removal was timely.

**B. Diversity Jurisdiction**

Federal jurisdiction under 28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). "It is

well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and it must do so by a "preponderance of evidence." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).  "[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Platinum-Montaur Life Scis., LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). Where jurisdiction is challenged, courts may consider materials outside the pleadings, including sworn declarations. *Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 572 (S.D.N.Y. 2025) ("After reviewing the pleadings and declarations, the Court concludes that Plaintiff has satisfactorily shown diversity of citizenship."); *see also United Food & Com. Workers Union v. CenterMark Props.*, 30 F.3d 298, 301 (2d Cir. 1994) (permitting reliance on evidence outside pleadings to resolve jurisdictional facts).

The amount-in-controversy requirement is clearly satisfied. The Complaint seeks $25,000,000 in compensatory damages, plus punitive damages, interest, and costs. (Compl., Prayer for Relief ¶¶ 2–4.) Plaintiff challenges whether Defendants have adequately established the citizenship of the LLC defendants, arguing that the Notice of Removal failed to identify all members and that Defendants later identified an additional member, Michael Dilks. (Pltf. Mem. at 6–7; Pltf. Reply at 3–4.) Plaintiff further contends that Defendants rely on "self-serving affidavits" without supporting corporate records and alternatively requests jurisdictional discovery. (Pltf. Mem. at 7.)

These arguments do not defeat diversity jurisdiction. Although the Notice of Removal lacked detail, Defendants supplemented the record with sworn declarations identifying the LLC members and confirming that all are citizens of Florida. (Tucker Decl. ¶ 3; Hoover Decl. ¶ 3, ECF Nos. 19 & 20.) Plaintiff offers no evidence that any member, including Dilks, is a citizen of New York. Such declarations constitute competent evidence where unrebutted. *See GH Am. Energy LLC v. Greenalia Wind Power Blue Hills, LLC*, 2025 WL 919652, at *5 (S.D.N.Y. Mar. 26, 2025) (crediting sworn

6

declarations to establish LLC citizenship where opposing party offered no contrary evidence). Courts also permit jurisdictional defects to be cured through later submissions.[1] *See CenterMark Props.*, 30 F.3d at 301 (allowing supplementation of jurisdictional record after removal).

Nor is jurisdictional discovery warranted. While courts may permit discovery where jurisdictional facts are genuinely disputed, it is not appropriate where, as here, those facts have been adequately set forth and remain uncontroverted. *See Northfield Ins. Co. v. GM Star Constr., Inc.*, 532 F. Supp. 3d 73, 74–75 (E.D.N.Y. 2021) (declining discovery where party lacked concrete basis to dispute citizenship and cautioning against "mini-litigation" on threshold jurisdiction); *see also PMX Agency LLC v. Blackstreet Cap. Holdings, LLC*, No. 1:16-CV-03849 (ALC), 2017 WL 3605380, at *2 (S.D.N.Y. Aug. 21, 2017) (The decision whether to grant jurisdictional discovery to determine whether diversity exists in certain cases "is committed to the sound discretion of the Court.") Here, Defendants have identified the members of the LLC defendants and provided sworn statements as to their citizenship. Under these circumstances, further jurisdictional discovery would not aid the Court's determination.

Plaintiff's own Complaint further supports diversity. It identifies the relevant individuals as residents of Florida and does not allege that any defendant is a citizen of New York. While residence alone does not establish domicile, it supports an inference of citizenship absent contrary evidence. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (permitting inference of domicile from residence where record contains no contrary evidence). Plaintiff offers no such contrary evidence here.

---

[1] This case is distinguishable from those in which courts have rejected jurisdictional declarations due to internal inconsistencies or contradictory prior statements. *See New York Packaging II, LLC v. Maierhoffer*, 2023 WL 5002760, at *3 (E.D.N.Y. Aug. 4, 2023) (rejecting declaration as unreliable where it conflicted with prior sworn testimony and litigation positions regarding citizenship). Here, Plaintiff identifies no inconsistencies or prior statements undermining Defendants' submissions.

The record supports a finding of complete diversity. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (considering entire record to determine whether diversity is adequately established). Because Plaintiff is a citizen of New York and Defendants are citizens of Florida, diversity jurisdiction exists.

## C. Attorney's Fees

Plaintiff also seeks an award of attorneys' fees and costs incurred as a result of removal. (Pltf. Mem. at 7–8.) A court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when evaluating a motion to remand. 28 U.S.C. § 1447(c). However, such fees are warranted only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (articulating the standard governing fee awards under § 1447(c)).

Defendants had an objectively reasonable basis for removal at the time it was filed. Removal was timely under the later-served defendant rule, *see Pietrangelo*, 686 F.3d at 64–66, and the face of the Complaint, together with the information then available to Defendants, supported a reasonable belief that complete diversity existed. Defendants further confirmed that showing through sworn declarations identifying the LLC members and clarifying their domicile, which Plaintiff does not meaningfully contest. Moreover, even if the Notice of Removal initially lacked detail as to LLC citizenship, courts routinely permit jurisdictional allegations to be clarified or supplemented through later submissions. *See United Food & Com. Workers Union v. CenterMark Props.,* 30 F.3d 298, 301 (2d Cir. 1994).

Plaintiff's arguments do not render removal objectively unreasonable. The timeliness argument rests on an incorrect application of the first-served defendant rule and a misstatement of the record, including the erroneous assertion that the Notice of Removal was filed on January 7, 2026. Plaintiff's challenge to Defendants' jurisdictional showing likewise fails, as courts accept unrebutted

sworn declarations to establish LLC citizenship without requiring additional corporate documentation. *Cerco Bridge Loans,* 768 F. Supp. 3d at 572.

Accordingly, because Defendants had an objectively reasonable basis for removal, Plaintiff's request for attorneys' fees and costs is denied. At most, Plaintiff identifies a pleading deficiency—not a jurisdictional defect—which does not warrant fee-shifting under § 1447(c).

## CONCLUSION

Plaintiff's motion to remand is DENIED. Defendants are directed to respond to the complaint on or before May 6, 2026. In the event Defendants timely file an answer, the parties are directed to meet and confer within 28 days thereafter and promptly submit a proposed Case Management Plan (blank form attached hereto) to the Court. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 6.

SO ORDERED:

Dated: April 16, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

9

UNITED STATES DISTRICT COURT                          Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x


                                                **CIVIL CASE DISCOVERY PLAN**
                              Plaintiff(s),       **AND SCHEDULING ORDER**
        - against -


                              Defendant(s).     _____ CV _____ (NSR)


-------------------------------------------------------------x

        This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

   1.   All parties [consent] [do not consent] to conducting all further proceedings before
        a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).
        The parties are free to withhold consent without adverse substantive consequences.
        (If all parties consent, the remaining paragraphs of this form need not be
        completed.)

   2.   This case [is] [is not] to be tried to a jury.

   3.   Joinder of additional parties must be accomplished by _____.

   4.   Amended pleadings may be filed until _____. Any party
        seeking to amend its pleadings after that date must seek leave of court via motion.

   5.   Interrogatories shall be served no later than _____, and responses
        thereto shall be served within thirty (30) days thereafter.  The provisions of Local
        Civil Rule 33.3 [shall] [shall not] apply to this case.

   6.   First request for production of documents, if any, shall be served no later than
        _____.

   7.   Non-expert depositions shall be completed by _____.

        a.   Unless counsel agree otherwise or the Court so orders, depositions shall not
             be held until all parties have responded to any first requests for production
             of documents.

        b.   Depositions shall proceed concurrently.

        c.   Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8.      Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.      Requests to Admit, if any, shall be served no later than _____.

10.     Expert reports shall be served no later than _____.

11.     Rebuttal expert reports shall be served no later than _____.

12.     Expert depositions shall be completed by _____.

13.     Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.     **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.     Any motions shall be filed in accordance with the Court's Individual Practices.

16.     This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.     The Magistrate Judge assigned to this case is the Hon. _____.

18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.     The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: _____
White Plains, New York                              _____
                                                    Nelson S. Román, U.S. District Judge