# <u>DAVID M. SCHWARTZ, ESQ.</u> LLM

546 Fifth Avenue, 6th Floor, New York, NY 10036  T: 212.641.0499  E: david@davidschwartzesq.com

May 11, 2026

**VIA ECF**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street, Room 275
White Plains, New York 10601

**Re:**    *O'Neill v. The Antihero Podcast LLC, et al.*, Case No. 7:25-cv-10786-NSR
Opposition to Defendants' Request for Leave to File Motion for Sanctions (Dkt. 24);
Cross-Request for Leave to File Sanctions Against Defense Counsel

Dear Judge Román:

Plaintiff Robert O'Neill respectfully submits this letter opposing Defendants' request for leave to move for sanctions under Rule 11 (Dkt. 24). Plaintiff also cross-moves for leave to seek sanctions against defense counsel Timothy Parlatore under Rule 11 and the Court's inherent authority. Plaintiff submits a separate letter addressing Defendants' request for leave to file a motion to dismiss.

Defense counsel's sanctions request is extraordinary. Counsel who has **repeatedly misrepresented Mr. O'Neill's words to this Court** and made demonstrably false statements now accuses Plaintiff of bad faith. Counsel whose clients threatened Mr. O'Neill with physical violence now accuses him of witness intimidation. If any party warrants sanctions, it is defense counsel.

## I. Defendants' Sanctions Motion Is Frivolous and Retaliatory

Rule 11 sanctions are warranted only where claims lack evidentiary support or are filed in bad faith. Fed. R. Civ. P. 11(b)(3).  This case has substantial evidentiary support, including Admiral McRaven's sworn Affirmation, supporting affirmations from Will Chesney and Sonny Selletti, documentary evidence of Defendants' defamatory statements, and Defendants' own admissions that they never spoke to anyone " in the room" before publishing *Web of Lies*. This is not a frivolous lawsuit, it is a defamation action against podcasters who called Mr. O'Neill a "liar," "fraud," and accused him of "stolen valor" without speaking to any eyewitnesses. Rule 11 cannot be used to punish nonfrivolous claims. See *Sussman ex rel. Guilden v. Bank of Israel*, 56 F.3d 450, 458-59 (2d Cir. 1995) ("It would be counterproductive to use Rule 11 to penalize the assertion of non-frivolous substantive claims.").

## II. Defense Counsel Has Made Demonstrably False Statements to This Court

Defense counsel accuses Plaintiff of bad faith while repeatedly misrepresenting the record.
**False Statement #1: The O'Neill Quote.** Counsel has repeatedly quoted Mr. O'Neill as saying "we're gonna try to drop the case" while omitting what Mr. O'Neill said immediately after: **"I don't want to drop the case. I want to go to court."** Mr. O'Neill was describing—and rejecting—the "spin" he expected to hear, calling it "bullshit." Plaintiff previously exposed this misrepresentation (Dkt. 11), yet counsel continues to rely on it.

**False Statement #2: Witnesses** Counsel told *Military.com* that Defendants spoke to "multiple people . . . who where in the building." But Defendant Tucker later admitted: "I was really hoping to talk to a guy who was in the room before I did this podcast." (November 13, 2025). Tucker also admitted in January 2026 that he has *never spoken directly to "Red"* (the point man).

**False Statement #3: Bissonnette** Counsel told Sean Spicer that Matt Bissonnette "says Rob was not the shooter." This is false. On page 235 of *No Easy Day*, Bissonnette writes: "*I couldn't tell from my position if the rounds hit the target or not.*" Bissonnette admits he did not see what happened. Counsel attributed to him a statement he never made.

**False Citation:** In pertinent part in his May 6th Letter seeking permission to file a Rule 12 (b) (6) Motion he references use of a "responsible source" **…"negates a finding of 'the recklessness that is required for a finding of actual malice.'"** *Greene v. Paramount Pictures*, No. 19-135-cv, slip op. at 4 (2d Cir. 2020) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 287-88 (1964)); see also *BYD Co. Ltd. v. VICE Media LLC*, No. 21-1097-cv, slip op. at 6-7 (2d Cir. 2022). Respectfully, this supposed quote appears to be a misquote or perhaps a hallucination. It does not appear verbatim in neither *Greene* nor *NY Times* nor *BYD*.

## III. The Real Witness Intimidation Is by Defendants

Defendants accuse Mr. O'Neill of "witness intimidation" based on a social media video in which he used the common idiom "I know where the bodies are buried." The record shows the opposite: *Defendants* and their associates engaged in actual threats:

**Jimmy Arnett:** Threatened Mr. O'Neill directly: "Hey Rob! I look forward to telling you to your face GO FUCK YOURSELF." When told he would face contempt, he said: "Not in the courtroom. Outside," and later proposed fighting Mr. O'Neill "in the dark parking lot." (AntiHero Podcast, September 22, 2025.)

**Brent Tucker:** Sent threatening messages identifying alleged sources and warning Mr. O'Neill that "an Admiral who wasn't there won't save you." These messages were so disturbing that Mr. O'Neill's pregnant wife had to stop managing the account.

**Tortious Interference:** Defendants contacted Barstool Sports, a sponsor of Mr. O'Neill's Daytona 500 appearance, to say, "he's a liar" and discourage further business with him (February 16, 2026).

Defendants accuse Mr. O'Neill of the very conduct their own associates engaged in.

## IV. Mr. O'Neill's Account Has Been Consistent on the Core Fact

Defendants falsely claim Mr. O'Neill has told "irreconcilable" versions of events. Mr. O'Neill's account has been **entirely consistent** on the central fact: **He entered the room, he was standing there, and he shot and killed Osama bin Laden.** Minor variations of a combat operation occurring in extreme conditions do not render the case "frivolous." They create factual disputes for trial. Defendants' claim that Mr. O'Neill "confessed" to falsifying records on the Cleared Hot podcast is a deliberate mischaracterization. Mr. O'Neill explained that there were *multiple debriefs*, and the first, official debrief was given to Admiral McRaven in front of the entire team. As Will Chesney has stated: "Everything changed once that recording device came out." The official record supports Mr. O'Neill, as Admiral McRaven has confirmed under oath.

## V. Plaintiff Requests Leave to File Sanctions Against Defense Counsel

Rule 11 provides that an attorney certifies that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Defense counsel has made at least three demonstrably false statements of fact to this Court and in public statements:

1. That his clients spoke to "multiple people who were on that mission who were in the building" before publishing—directly contradicted by Tucker's own podcast admission.

2. That Matt Bissonnette "says Rob was not the shooter"—Bissonnette has never said this; his book says he couldn't see what happened.

3. The repeated misquote of Mr. O'Neill, omitting "I don't want to drop the case. I want to go to court"—even after this misrepresentation was exposed in Plaintiff's opposition letter.

Courts have inherent authority to sanction bad-faith litigation conduct, including false testimony. *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 135-36 (2d Cir. 2023). "The failure to correct a prior statement in a pending motion is the later advocacy for that statement and is subject to sanctions." See *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023). Defense counsel's repeated misrepresentations warrant sanctions.

## VI. The Cases Defendants Cite Do Not Support Sanctions Here

Defendants cite *Mata v. Avianca* for the proposition that counsel must reassess claims "after learning that they cease to have any merit." *Id*. But unlike *Mata*—which involved fake AI-generated cases—Mr. O'Neill's claims are supported by Admiral McRaven's sworn testimony, corroborating witnesses, and Defendants' own admissions.

Defendants also cite *Dukas v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 22-CV-7962 (RA), slip op. at 4 (S.D.N.Y. Sept. 23, 2024), for the proposition that sanctions are warranted when counsel is "on notice of the falsity" of allegations. But Plaintiff's allegations are not false. Defendants' "witnesses" themselves admit they were not present, while Admiral McRaven confirms Mr. O'Neill killed bin Laden. The only falsehood here is defense counsel's repeated misrepresentations to the Court.

## Conclusion

Defendants' sanctions request is frivolous and retaliatory. While accusing Plaintiff of bad faith, defense counsel has repeatedly misquoted Mr. O'Neill, made demonstrably false statements to this Court and the media, and represents clients who threatened Mr. O'Neill with physical violence. Plaintiff therefore respectfully requests that the Court (1) deny Defendants' request for leave to seek sanctions; and (2) grant Plaintiff leave to move for sanctions against defense counsel under Rule 11 and the Court's inherent authority.

Respectfully submitted,

/s/ David M. Schwartz_____
**DAVID M. SCHWARTZ, ESQ.**
*Attorney for Plaintiff Robert O'Neill*

**cc:**    Timothy C. Parlatore, Esq. (via ECF)

3