UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT O'NEILL,

Plaintiff,

-against-

Case No. 7:25-cv-10786-NSR

THE ANTIHERO PODCAST LLC
d/b/a AntiheroPodcast.com,
BRENT TUCKER,
TYLER HOOVER,
COUNTER CULTURE INC.,
TIER1PODCAST LLC d/b/a TIER-1 Podcast.com,
and JAMES ANDREW ARNETT,

Defendants.
----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND THE COURT'S INHERENT AUTHORITY**

**DAVID M. SCHWARTZ, ESQ.**
546 Fifth Avenue, 6th Floor
New York, New York 10036
Tel.: (212) 641-0499
david@davidschwartzesq.com

*Attorney for Plaintiff Robert O'Neill*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..... 1
**FACTUAL BACKGROUND RELEVANT TO SANCTIONS** ..... 1
**GOVERNING STANDARDS** ..... 2
I. RULE 11 ..... 2
II. CONTINUING OBLIGATION ..... 3
III. INHERENT AUTHORITY ..... 3
**ARGUMENT** ..... 4
I. THE COMPLAINT WAS FILED WITH EVIDENTIARY SUPPORT AND A COLORABLE LEGAL BASIS ..... 4
A. Sworn witness materials supplied evidentiary support under Rule 11(b)(3) ..... 4
B. The Complaint rests on settled defamation principles, not novel or frivolous legal theories ..... 5
II. DEFENDANTS IMPROPERLY SEEK TO TURN A MERITS DISPUTE INTO A SANCTIONS PROCEEDING ..... 6
A. Sanctions Are Not a Vehicle for Choosing Among Competing Versions of Disputed Facts ..... 6
B. Post-Filing Statements Do Not Retroactively Eliminate Rule 11 Compliance ..... 7
III. DEFENDANTS' RELIANCE ON COUNSEL'S DECLARATION DOES NOT ESTABLISH SANCTIONABLE CONDUCT ..... 8
IV. INHERENT-AUTHORITY SANCTIONS FAIL FOR THE INDEPENDENT REASON THAT DEFENDANTS CANNOT SHOW BAD FAITH BY CLEAR EVIDENCE ..... 9
A. Plaintiff's claims are colorable. ..... 9
B. There is no clear evidence of bad faith. ..... 10
V. THE RELIEF DEFENDANTS SEEK IS DISPROPORTIONATE AND CONTRARY TO RULE 11(c)(4) ..... 11
VI. SUMMARY ..... 11
**CONCLUSION** ..... 12

# TABLE OF AUTHORITIES

**Cases**

*Biro v. Condé Nast*,
807 F.3d 541 (2d Cir. 2015) ........ 5, 10

*Celle v. Filipino Reporter Enters. Inc.*,
209 F.3d 163 (2d Cir. 2000) ........ 6

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ........ 3, 11

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ........ 2, 7, 11

*Eastway Constr. Corp. v. City of New York*,
762 F.2d 243 (2d Cir. 1985) ........ 2, 3, 5

*Enmon v. Prospect Cap. Corp.*,
675 F.3d 138 (2d Cir. 2012) ........ 4, 10

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
491 U.S. 657 (1989) ........ 5, 10

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*,
991 F.3d 361 (2d Cir. 2021) ........ 4, 10

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002) ........ 2, 5, 7

*Matter of JMD Holding Corp. v. Congress Fin. Corp.*,
4 N.Y.3d 373 (2005) ........ 9

*Milkovich v. Lorain Journal Co.*,
497 U.S. 1 (1990) ........ 6

*N.Y. Times Co. v. Sullivan*,
376 U.S. 254 (1964) ........ 5, 10

*O'Brien v. Alexander*,
101 F.3d 1479 (2d Cir. 1996) ........ 3, 8

*Rossbach v. Montefiore Med. Ctr.*,
81 F.4th 124 (2d Cir. 2023) ........ 4, 11

*Schlaifer Nance & Co. v. Estate of Warhol*,
194 F.3d 323 (2d Cir. 1999) .......... 3, 4, 10

*St. Amant v. Thompson*,
390 U.S. 727 (1968) .......... 5, 10

*Storey v. Cello Holdings, L.L.C.*,
347 F.3d 370 (2d Cir. 2003) .......... 3, 8

**Statutes**

Fed. R. Civ. P. 11 .......... 1, 2, 4, 5, 7, 11

Fed. R. Evid. 602. .......... 9

## PRELIMINARY STATEMENT

Defendants' sanctions motion should be denied because the Complaint was filed on the basis of sworn witness affirmations, a substantial pre-filing investigation, and settled defamation law; whatever else may be said about the merits, this case is not remotely the sort of objectively frivolous, bad-faith filing that warrants sanctions under FED. R. CIV. P. 11 or the Court's inherent power. Rule 11 evaluates whether counsel conducted a reasonable inquiry and possessed an objectively reasonable basis for the factual and legal contentions at the time the Complaint was filed, not whether Defendants ultimately prevail on disputed facts. Defendants' motion is, instead, an effort to convert a sharply disputed factual controversy into a sanctions proceeding by asking the Court to credit Defendants' version of the facts, reject Plaintiff's sworn evidentiary showing, and decide witness credibility before discovery. The motion therefore fails because it seeks to litigate the merits of Plaintiff's claims through a sanctions motion rather than demonstrating that counsel lacked a reasonable pre-filing basis for the Complaint or acted in bad faith.

## FACTUAL BACKGROUND RELEVANT TO SANCTIONS

After filing, Plaintiff's claims rested on more than his own say-so. The Complaint itself was verified by Plaintiff and was supported by sworn affirmations from Admiral William H. McRaven, who commanded Operation Neptune Spear, and from former SEAL Team Six members Will Chesney and Justin Sheffield. (Dkt. 1) (Exs. A-D.) Those materials supplied evidentiary support for the core allegation that Defendants falsely accused Plaintiff of lying about who shot Osama bin Laden. Defendants' sanctions motion relies principally on three categories of material: (1) Declaration of Timothy C. Parlatore ("Parlatore Decl.") ¶¶ 2-16; (2) counsel's characterization of Plaintiff's post-filing *Cleared Hot* interview and later *New York Post* interview, (Def's. Sanctions Mem. at 1-12); (Parlatore Decl. ¶¶ 2-11); and (3) Defendants' argument that those materials

purportedly render the Complaint false or frivolous. The sanctions motion therefore rises or falls on the premise that the Court should resolve contested factual inferences in Defendants' favor now, as a sanctions matter, before discovery. That is not what FED. R. CIV. P. 11 is for.

## GOVERNING STANDARDS

### I. RULE 11

By presenting a pleading to the court, counsel certifies, after an inquiry reasonable under the circumstances, that the filing is not presented for an improper purpose, that its legal contentions are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law, and that its factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for investigation or discovery. FED. R. CIV. P. 11(b).

Rule 11 is intended to deter baseless filings, not to punish counsel simply because a legal theory proves unsuccessful or factual disputes are ultimately resolved against the pleader. The Rule imposes upon attorneys a duty to conduct a reasonable prefiling inquiry and to ensure that papers filed with the court are well grounded in fact, legally tenable, and not interposed for an improper purpose, while remaining mindful that the Rule should not chill vigorous advocacy. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Consistent with those principles, the Second Circuit has long held that Rule 11 sanctions are appropriate only where, after reasonable inquiry, no competent attorney could form a reasonable belief that the pleading is well grounded in fact and warranted by existing law or a good-faith argument for changing the law. *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253-54 (2d Cir. 1985); *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002). Court must

avoid the wisdom of hindsight, resolve doubts in favor of the signer, and recognize that not every mistaken legal or factual position warrants sanctions. *Eastway,* 762 F.2d at 253-54.

## II. CONTINUING OBLIGATION

Rule 11 also imposes a continuing obligation on counsel not to persist in advocating factual contentions that lack evidentiary support. As amended in 1993, Rule 11 applies not only to signing and filing a pleading, but also to "later advocating" it. *O'Brien v. Alexander*, 101 F.3d 1479, 1488-90 (2d Cir. 1996). But that continuing obligation does not transform every later inconsistency, impeached point, or unfavorable piece of evidence into a sanctionable event. The Rule requires evidentiary support, not certainty of success, and sanctions are inappropriate unless the challenged factual contention is utterly lacking in evidentiary support or counsel continues to advocate it after it has become objectively untenable. *Id.* at 1489-90. Accordingly, a claim does not become sanctionable simply because the opposing party advances a competing interpretation of public statements, identifies contrary evidence, or disputes witness credibility; those are matters for resolution on the merits, not Rule 11. Rather, sanctions remain appropriate only where the challenged factual contention is utterly lacking in evidentiary support**,** not merely because the opposing party offers competing evidence or a different interpretation of the facts. *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003); *O'Brien*, 101 F.3d at 1489–90.

## III. INHERENT AUTHORITY

The Court's inherent power to impose sanctions is narrower than Rule 11 and must be exercised with restraint and discretion. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991). To justify sanctions under the Court's inherent authority, the Second Circuit requires clear evidence that (1) the challenged claim was without a colorable basis and (2) it was pursued in bad faith. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336–38 (2d Cir. 1999); *Enmon v. Prospect Cap.*

*Corp.*, 675 F.3d 138, 143–44 (2d Cir. 2012). A claim is "colorable" if it has some legal and factual support, viewed in light of the reasonable beliefs of the person advancing it, and bad faith may be inferred only where the claim is so completely without merit as to compel the conclusion that it was brought for an improper purpose. *Schlaifer Nance*, 194 F.3d at 337–38; *Enmon*, 675 F.3d at 143–44. The Second Circuit has repeatedly emphasized that, because inherent-power sanctions are punitive, district courts must make highly specific factual findings and exercise that authority with particular restraint. *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 143–44 (2d Cir. 2023); *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368–70 (2d Cir. 2021).

## <u>ARGUMENT</u>

### I. THE COMPLAINT WAS FILED WITH EVIDENTIARY SUPPORT AND A COLORABLE LEGAL BASIS

#### A. Sworn witness materials supplied evidentiary support under Rule 11(b)(3)

The record demonstrates that counsel satisfied Rule 11(b)(3) before this action was ever filed. The Complaint was not based on rumor, speculation, or anonymous internet commentary. (Declaration of David M. Schwartz ("Schwartz Decl.") ¶¶ 3-13.) Rather, Plaintiff filed a verified Complaint supported by sworn affirmations from Admiral William H. McRaven, who commanded Operation Neptune Spear, and former SEAL team six members Will Chesney and Justin Sheffield. (Dkt. 1); (Exs. A-D.) Those witnesses each affirmed, in substance, that Plaintiff was identified immediately after the raid as the individual who shot Osama bin Laden and that they understood that account to be true. Because counsel possessed sworn corroboration evidence before filing, Rule 11(b)(3) was satisfied.

That conclusion follows directly from the Rule's text. Rule 11 requires that factual contentions have evidentiary support or be likely to obtain such support after a reasonable opportunity for investigation or discovery; it does not require counsel to possess conclusive proof,

guarantee ultimate success on the merits, or eliminate the possibility of conflicting testimony. FED. R. CIV. P. 11(b)(3). A complaint supported by a verified pleading and sworn affirmations from the commanding admiral of the operation and fellow operators cannot fairly be characterized as objectively frivolous.

Defendants' motion instead asks the Court to measure Rule 11 compliance through the lens of evidence developed after filing. But Rule 11 asks whether counsel had an objectively reasonable factual basis when the pleading was presented to the Court, not whether Defendants can later marshal contrary evidence or offer competing factual narratives. Where Defendants' theory accepted, virtually every case turning on disputed eyewitnesses accounts or conflicting testimony would become sanctionable the moment an opposing party disputed the plaintiff's evidence. That is not the law. *Eastway*, 762 F.2d at 253-54; *Kropelnicki*, 290 F.3d at 131.

**B. The Complaint rests on settled defamation principles, not novel or frivolous legal theories**

Plaintiff's legal theory is equally unremarkable. The Complaint alleges that Defendants repeatedly asserted as fact that Plaintiff "didn't kill Bin Laden," was a "liar," and committed "stolen valor"; that those statements were false; and that Defendants published them with actual malice because they either knew they lacked a reliable factual basis or acted with reckless disregard for the truth. Those allegations track the settled elements of a public-figure defamation claim under long-established Supreme Court and Second Circuit precedent. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *St. Amant v. Thompson*, 390 U.S. 727, 731–32 (1968); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989); *Biro v. Condé Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015).

Likewise, the Complaint rests on settled law distinguishing actionable factual assertions from protected opinion. A statement is actionable where a reasonable reader or listener would

understand it as asserting a provably false fact. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19–21 (1990); *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 178–79 (2d Cir. 2000). There is nothing novel or frivolous about alleging that repeated assertions that Plaintiff "didn't kill Bin Laden," was a "liar," or committed "stolen valor" conveyed verifiable factual assertions capable of being proven true or false.

Nor is the Complaint's actual-malice theory remotely speculative. It alleges that Defendants made categorical factual accusations while, among other things, failing to speak with a witness to the decisive moment before publication, acknowledging uncertainty regarding who fired the fatal shot, and disregarding contrary command-level evidence. Whether Plaintiff ultimately proves those allegations is a question for discovery and, if necessary, trial. At the pleading stage, however, they easily provide a colorable basis for alleging actual malice under settled federal law. Defendants may dispute those allegations, but a disagreement over the sufficiency or credibility of Plaintiff's evidence is a merits issue, not a basis for Rule 11 sanctions.

## II. DEFENDANTS IMPROPERLY SEEK TO TURN A MERITS DISPUTE INTO A SANCTIONS PROCEEDING

### A. Sanctions Are Not a Vehicle for Choosing Among Competing Versions of Disputed Facts

The heart of Defendants' motion is not that Plaintiff lacked evidentiary support when the Complaint was filed. Rather, Defendants contend that their version of events is true and Plaintiff's is false. Their motion asks the Court to accept Defendants' reading of the official record, their interpretation of Plaintiff's *Cleared Hot* interview, and their assessment of Plaintiff's credibility, while rejecting the verified Complaint and the sworn affirmations supporting it.

That is a merits argument, not a Rule 11 argument. Rule 11 proceedings are collateral to the merits and are intended to determine whether counsel abused the judicial process by filing a

paper without a reasonable factual or legal basis, not to adjudicate the truth of disputed factual assertions. *Cooter & Gell,* 496 U.S. at 396. The Second Circuit likewise has held that sanctions are appropriate only where, after reasonable inquiry, no competent attorney could form a reasonable belief that the pleading is well grounded in fact and warranted by existing law or a good-faith argument for its extension. *Kropelnicki* 290 F.3d at 131.

Here, Defendants' motion depends upon the Court resolving disputed factual inferences, weighing the credibility of competing witnesses, and accepting Defendants' interpretation of contested evidence before discovery has occurred. Rule 11 does not authorize sanctions merely because the parties disagree about what the evidence shows. Those disputes are properly resolved through the ordinary litigation process, not through a sanctions motion.

**B. Post-Filing Statements Do Not Retroactively Eliminate Rule 11 Compliance**

Defendants rely heavily on Plaintiff's post-filing *Cleared Hot* interview and contend that it undermines the Complaint. (Schwartz Decl. ¶¶ 19-21.) (Def's Mem. at 6-23.) Even accepting Defendants' characterization of those statements for purposes of this motion, their argument fails as a matter of law.

Rule 11 examines whether counsel possessed a reasonable factual basis when the pleading was filed and, thereafter, whether counsel continued to advocate claims that retained evidentiary support. FED. R. CIV. P. 11(b). Post-filing evidence does not retroactively erase the sworn witness affirmations and verified allegations that supported the Complaint at the outset. Nor does it transform an objectively reasonable filing into a sanctionable one simply because the opposing party later identifies evidence it believes is inconsistent.

The same is true under Rule 11's continuing-advocacy requirement. Although counsel may not continue to advocate claims once they become objectively untenable, the Rule does not require withdrawal whenever new evidence creates factual disputes, provides impeachment material, or strengthens the opposing party's case. *O'Brien*, 101 F.3d at 1489–90; *Storey,* 347 F.3d at 387. At most, Defendants argue that Plaintiff's later interviews contain statements they believe are inconsistent with earlier accounts. (Defs.' Mem. at ¶¶ 20-23.) Even if Defendants are correct, those purported inconsistencies present issues of impeachment and witness credibility, not proof that Plaintiff's claims became objectively frivolous or that counsel acted in bad faith.

Ultimately, Defendants ask the Court to conclude that their interpretation of Plaintiff's public statements is the correct one and that Plaintiff's competing interpretation must be rejected before discovery has occurred. That is a classic merits determination. Whether Plaintiff's later statements affect the weight or credibility of his testimony is for discovery, summary judgment, or trial, not Rule 11.

## III. DEFENDANTS' RELIANCE ON COUNSEL'S DECLARATION DOES NOT ESTABLISH SANCTIONABLE CONDUCT

Defendants' factual presentation rests primarily on the declaration of their counsel, Timothy C. Parlatore. That declaration may establish that counsel reviewed particular interviews, articles, or other materials. It cannot, however, resolve disputed historical facts or substitute for testimony from witnesses with personal knowledge.

Mr. Parlatore's declaration goes well beyond describing the procedural history or authenticating materials. (Schwartz Decl. ¶¶ 15-19.) It advances factual inferences, evaluates witness credibility, and, in at least one instance, recounts what unidentified witnesses purportedly told counsel during interviews and what they are "expected to testify" to during discovery. Those

are matters for witnesses with personal knowledge, not advocacy through counsel's declaration. See FED. R. EVID. 602.

Even accepting Mr. Parlatore's declaration for the limited purpose of establishing that counsel reviewed the cited interviews and publications, it proves no more than that Defendants disagree with Plaintiff's version of events. (Parlatore Decl. ¶¶ 2-16); (Defs.' Mem. at 2-12.) Plaintiff, by contrast, relies upon a verified Complaint and sworn affirmations from witnesses with firsthand knowledge. That competing factual record underscores the existence of genuine factual disputes does not establish that Plaintiff's claims were frivolous or filed in bad faith.

Counsel's declaration therefore cannot carry the weight Defendants place upon it. It cannot resolve contested historical facts, displace sworn testimony from witnesses with personal knowledge, or transform a merits dispute into sanctionable litigation conduct. See *Matter of JMD Holding Corp. v. Congress Fin. Corp.*, 4 N.Y.3d 373, 384–85 (2005) (holding that conclusory affidavits or affidavits from individuals without personal knowledge are insufficient to establish disputed facts).

## IV. INHERENT-AUTHORITY SANCTIONS FAIL FOR THE INDEPENDENT REASON THAT DEFENDANTS CANNOT SHOW BAD FAITH BY CLEAR EVIDENCE

Even if Rule 11 were unavailable, Defendants' request for sanctions under the Court's inherent authority independently fails. Inherent-authority sanctions require clear evidence that the challenged claims were both entirely without color and pursued in bad faith. *Schlaifer Nance*, 194 F.3d at 336-38; *Enmon*, 675 F.3d at 143-44; *Int'l Techs. Mktg., Inc*, 991 F.3d at 368–70. Defendants cannot satisfy either requirement.

### A. Plaintiff's claims are colorable.

A claim is colorable if it has some legal and factual support when viewed in light of the reasonable beliefs of the person asserting it. *Schlaifer Nance*, 194 F.3d at 337-38. That standard is readily satisfied here. Before filing suit, counsel investigated the relevant facts, reviewed the publications at issue, obtained sworn corroborating affirmations from witnesses with firsthand knowledge, researched the governing law, and filed a verified Complaint alleging specific factual bases for each claim. Those are the hallmarks of a reasonable pre-filing inquiry, not frivolous litigation.

Moreover, Plaintiff's claims rest upon recognized legal principles governing defamation and actual malice. Whether Plaintiff ultimately prevails is a question for later stages of the litigation. At this stage, the existence of sworn factual support and settled legal authority is more than sufficient to render the claims colorable. See *N.Y. Times Co.,* 376 U.S. at 279-80; *St. Amant,* 390 U.S. at 731-32; *Harte-Hanks Commc'ns, Inc,.* 491 U.S. at 667-68, 688; *Biro,* 807 F.3d at 549-50.

**B. There is no clear evidence of bad faith.**

Nor have Defendants come close to establishing bad faith by clear evidence. Their theory is essentially that because they believe Plaintiff's version of events is false, Plaintiff and counsel necessarily acted in bad faith by filing suit. That does not satisfy the demanding standard governing inherent-authority sanctions. Such sanctions are reserved for claims pursued with knowledge that they lack any colorable basis or for an improper purpose, not merely because the opposing party disputes the facts. *Chambers*, 501 U.S. at 44-46; *Rossbach*, 81 F.4th at 142-43.

The record instead demonstrates that counsel acted reasonably throughout the pre-filing process. (Schwartz Decl. ¶¶ 3-13, 20-22.) Counsel investigated the allegations, reviewed the relevant interviews and publications, obtained sworn witness support, researched the governing

law, and filed a verified Complaint supported by evidence available at the time. That is precisely the type of conduct Rule 11 contemplates. Defendants may vigorously contest Plaintiff's evidence on the merits, but disagreement over the facts is not clear evidence of bad faith. At most, Defendants have identified factual disputes appropriate for discovery and adjudication, not the extraordinary circumstances necessary to invoke the Court's inherent sanctioning power.

## V. THE RELIEF DEFENDANTS SEEK IS DISPROPORTIONATE AND CONTRARY TO RULE 11(c)(4)

Even where a violation is found, any sanction under Rule 11 must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). Dismissal with prejudice and a full fee award are extreme remedies.

Here, where Defendants have not established any Rule 11 violation, their request for dismissal only underscores the overreach of the motion. The sanctions papers function as an attempted end-run around merits adjudication: Defendants seek dismissal, attorney's fees, and a finding of bad faith based on disputed factual inferences, attorney argument, and credibility attacks. That request is inconsistent with Rule 11's limited deterrent purpose. *Cooter & Gell.*, 496 U.S. at 393. Rule 11 is intended to deter abusive filings, not serve as a substitute for adjudicating disputed claims on the merits.

## VI. SUMMARY

In sum, Defendants have not come close to establishing the extraordinary circumstances necessary for sanctions. Plaintiff's counsel conducted a reasonable pre-filing investigation, reviewed the challenged publications, obtained sworn corroborating witness affirmations, and filed a verified Complaint supported by evidentiary and legal authority. Defendants' motion identifies

factual disputes and competing interpretations of the evidence, but those are issues for discovery and adjudication on the merits, not Rule 11 or inherent-authority sanctions. Because Plaintiff possessed a reasonable pre-filing basis for his claims, because Defendants have identified disputed facts rather than sanctionable conduct, and because they have failed to establish either a Rule 11 violation or bad faith by clear evidence, the Motion for Sanctions should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion for sanctions in its entirety, deny Defendants' request for dismissal and attorney's fees, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 14, 2026

Respectfully Submitted,

*/s/ David M. Schwartz*
**DAVID M. SCHWARTZ, ESQ.**
546 Fifth Avenue, 6th Floor
New York, New York 10036
Tel.: (212) 641-0499
david@davidschwartzesq.com
*Attorney for Plaintiff Robert O'Neill*