UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT O'NEILL,

Plaintiff,

-against-

THE ANTIHERO PODCAST LLC d/b/a AntiheroPodcast.com, BRENT TUCKER, TYLER HOOVER, COUNTER CULTURE INC., TIER1PODCAST LLC d/b/a TIER-1 Podcast.com, and JAMES ANDREW ARNETT,

Defendants.

-----------------------------------------------------------------X

Case No. 7:25-cv-10786-NSR

**DECLARATION OF DAVID M. SCHWARTZ IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

I, David M. Schwartz, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for Plaintiff Robert O'Neill in this action. I submit this declaration in opposition to Defendants' motion for sanctions under FED. R. CIV. P. 11 and the Court's inherent authority.

2. Except where otherwise stated, I make this declaration based on my personal knowledge, my review of the pleadings and motion papers filed in this action, materials reviewed in preparation for filing the Complaint, and materials reviewed in the ordinary course of representing Plaintiff.

3. Before filing the Complaint, I conducted a substantial pre-filing inquiry into the factual and legal basis of Plaintiff's claims, consistent with FED. R. CIV. P. 11(b). That inquiry included, among other things:

a. reviewing and discussing with Plaintiff the factual allegations set forth in the Complaint;

b. reviewing the sworn affirmations obtained in support of Plaintiff's claims, including the affirmation of Admiral William H. McRaven and the affirmations of Will Chesney and Justin Sheffield;

c. reviewing the publications, broadcasts, social-media posts, and other statements by Defendants that are challenged in the Complaint and that form the basis of Plaintiff's defamation and related claims;

d. reviewing materials concerning Defendants' asserted source materials, including the public record concerning Matt Bissonnette's book and public statements attributed to Defendants about what they did and did not know before publication;

e. researching the governing federal and New York defamation authorities, including the public-figure and actual-malice standards that Defendants themselves invoke.

4. At the time the Complaint was filed, and continuing through the filing of this declaration, I have believed in good faith that Plaintiff's factual contentions had evidentiary support within the meaning of FED. R. CIV. P. 11(b)(3), and that Plaintiff's claims were warranted by existing law or, at minimum, by nonfrivolous applications of existing law within the meaning of FED. R. CIV. P. 11(b)(2).

5. In particular, before filing suit I possessed sworn materials supporting the core factual proposition that Plaintiff shot Osama bin Laden, including command-level and participant-level affirmations. Admiral McRaven affirmed that, immediately after the mission, the officer in charge identified Plaintiff to him as the man who killed bin Laden and that, in the years since, no one in the SEAL chain of command had raised concerns about the veracity of that fact. Will Chesney

affirmed from his own recollection that Plaintiff stated on the mission that he had shot bin Laden and that the team thereafter identified Plaintiff as the shooter.

6. Those sworn affirmations were not speculative, anonymous, or invented after the fact. They were part of the evidentiary basis on which I evaluated the Complaint before filing it.

7. In addition, I reviewed the publications and statements by Defendants that, in Plaintiff's view, went far beyond protected commentary and instead asserted as fact that Plaintiff "didn't kill Bin Laden," was a "liar," and had committed "stolen valor." I also reviewed materials reflecting Defendants' own statements bearing on actual malice, including alleged admissions that they had not spoken to an eyewitness before publishing and statements acknowledging that "nobody can tell" who fired the final shot.

8. Based on those materials, I concluded in good faith that Plaintiff had at least a colorable defamation claim under governing federal and state law, including a colorable basis to plead falsity, defamatory meaning, and actual malice.

9. Defendants' sanctions motion does not show that the Complaint was filed without evidentiary support. Instead, it advances Defendants' preferred interpretation of disputed facts and relies heavily on post-filing statements, attorney characterizations of public materials, and a declaration from defense counsel, Timothy C. Parlatore.

10. I have reviewed Defendants' Notice of Motion, Defendants' Memorandum of Law in Support of Sanctions, and the Declaration of Timothy C. Parlatore dated June 11, 2026.

11. In my view, those papers confirm that Defendants' sanctions motion is a merits motion in sanctions clothing. The motion asks the Court to accept Defendants' view of highly disputed historical facts, adopt Defendants' interpretation of Plaintiff's later public statements, and infer bad

faith from disagreements that are properly the subject of discovery, witness examination, credibility determinations, and, if necessary, summary judgment or trial.

12. I further note that substantial portions of Mr. Parlatore's declaration consist of advocacy, argument, and characterizations of what public materials allegedly "prove." Paragraph 15, for example, states that it is based on Mr. Parlatore's "own interviews with witnesses" who are "expected to testify during discovery." That assertion is not first-hand testimony about the underlying historical events of the raid; it is counsel's account of out-of-court statements allegedly made by unidentified third parties.

13. To the extent Defendants seek to use counsel's declaration to establish disputed historical facts, such use is improper or, at minimum, entitled to little weight. Under FED. R. EVID. 602, a witness may testify only to matters supported by personal knowledge, and out-of-court statements offered for their truth are generally inadmissible, absent an applicable exception. FED. R. EVID. 801(c); FED. R. EVID. 802.

14. I also reviewed the materials Defendants emphasize from the Cleared Hot podcast and the New York Post interview. In my professional judgment, those materials do not remotely establish that the Complaint was knowingly false when filed or that continued litigation is sanctionable. At most, those materials present disputed questions concerning wording, sequence, interpretation, and credibility. They do not erase the sworn evidentiary basis that existed before filing, nor do they eliminate the legal significance of Defendants' own statements and admissions bearing on falsity and actual malice.

15. This action was not filed for any improper purpose. It was filed because Plaintiff contends that Defendants repeatedly accused him, as a matter of fact, of fabricating the defining event of his

public life and military service, and because Plaintiff had evidentiary support for his contention that those accusations were false and were published with the requisite degree of fault.

16. I have continued to reassess the factual and legal basis for Plaintiff's claims as the case has progressed. At no point have I concluded that the claims lacked a colorable basis in fact or law.

17. For all of these reasons, I respectfully submit that sanctions are unwarranted under FED. R. CIV. P. 11 or under the Court's inherent authority.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 14, 2026

Respectfully Submitted,

*/s/ David M. Schwartz*

**DAVID M. SCHWARTZ, ESQ.**
546 Fifth Avenue, 6th Floor
New York, New York 10036
Tel.: (212) 641-0499
david@davidschwartzesq.com
*Attorney for Plaintiff Robert O'Neill*